# EXHIBIT A

| SHERIFF'S ENTRY OF SERVICE | | SC-85-2 | |
|---|---|---|---|

Civil Action No. _2-11cv-107871_

Date Filed _11/8/11_

Our File No. _3699-003_

Attorney's Address

Dean R. Fuchs
Schulten Ward & Turner, LLP
260 Peachtree St., NW Suite 2700
Atlanta, GA 30303

Name and Address of Party to be Served

Willie H. Burks

1201 Peachtree St., NW, Suite 1720

Atlanta, GA 30361

| | | |
|---|---|---|
| Superior Court ☐ | Magistrate Court ☐ |
| State Court ☐ | Civil Court ☐ |
| Municipal Court ☐ | |

Georgia, _FULTON_ COUNTY

Michael J. Stuart, Individually and on behalf
of all similarly-situated Individuals

Plaintiff

VS.

Resurgens Risk Management, Inc., Willie H.
Burks, Donald R. McAdams, and Wayne Zingling

Defendant

Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐ I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS** ☐ I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.
Delivered same into hands of _____ described as follows age, about ___ years; weight, about ___ pounds; height, about ___ feet and ___ inches, domiciled at the residence of defendant.

**CORPORATION** ☐ Served the defendant _____ a corporation by leaving a copy of the within action and summons with _____ in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐ I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐ Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This ___ day of ___

DEPUTY

SHERIFF DOCKET _____ PAGE _____

WHITE-CLERK  CANARY-PLANTIFF  PINK-DEFENDANT

**This communication is from a debt collector.**

SUMMONS                          SC-85-1

# IN THE SUPERIOR/STATE COURT OF __FULTON_____ COUNTY

## STATE OF GEORGIA

Michael J. Stuart, Individually and on

behalf of all similarly-situated Individuals

CIVIL ACTION
NUMBER _____

_____ PLAINTIFF

VS.

Resurgens Risk Management, Inc., Willie H.

Burks, Ronald D. McAdams, and Wayne Yingling

_____ DEFENDANT

## SUMMONS

TO THE ABOVE NAME DEFENDANT:

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Dean R. Fuchs
Schulten Ward & Turner, LLP
260 Peachtree St., NW Suite 2700
Atlanta, GA 30303

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.

This_____8_____day of____Nov_____, 20_11_.

Clerk of Superior/State Court

BY _____

                                          Deputy Clerk

INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

This communication is an attempt to collect a debt
and any information obtained will be used for that purpose.

SUMMONS                              SC-85-1

# IN THE SUPERIOR/STATE COURT OF FULTON COUNTY

## STATE OF GEORGIA

Michael J. Stuart, Individually and on                    CIVIL ACTION
                                                          NUMBER
behalf of all similarly-situated individuals


_____

                                PLAINTIFF

                        VS.

Resurgens Risk Management, Inc., Willis H.

Burks, Ronald D. McAdams, and Wayne Yingling


_____

                                DEFENDANT


### SUMMONS


TO THE ABOVE NAME DEFENDANT:

   You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and
address is: Dean R. Fuchs
            Schulten Ward & Turner, LLP
            260 Peachtree St., NW Suite 2700
            Atlanta, GA 30303


an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive
of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.

This _____ day of _____, 20 ____.


                                            Clerk of Superior/State Court


                                            BY _____

                                                                     Deputy Clerk


INSTRUCTIONS: Attach addendum sheet for additional parties if needed. make notation on this sheet if addendum sheet is used.

This communication is an attempt to collect a debt
and any information obtained will be used for that purpose.

DUPLICATE

IN THE SUPERIOR COURT OF FULTON COUNTY

STATE OF GEORGIA

| | | |
|---|---|---|
| MICHEAL J. STUART,<br>Individually and on behalf of<br>all similarly-situated Individuals,<br><br>Plaintiffs,<br><br>v.<br><br>RESURGENS RISK<br>MANAGEMENT, INC.,<br>WILLIE H. BURKS,<br>RONALD D. McADAMS, and<br>WAYNE YINGLING,<br><br>Defendants. | ）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>）<br>） | CIVIL ACTION FILE NO.<br><br>2011ev207871<br><br>**JURY TRIAL DEMANDED** |

FILED IN OFFICE
NOV - 8 2011
DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

COMES NOW MICHAEL J. STUART, individually and on behalf of all other similarly situated individuals, and file this Complaint for Damages against Defendants RESURGENS RISK MANAGEMENT, INC., WILLIE H. BURKS, RONALD D. McADAMS and WAYNE YINGLING (collectively "Defendants" or "Resurgens"), showing this honorable Court as follows:

## PRELIMINARY STATEMENT

1.

Plaintiffs bring this action on their own behalves and on behalf of all similarly situated Insurance account representatives pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime wages as a result of performing work "off the clock" for the benefit of Defendants, with their knowledge.

## JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction over this matter as it asserts claims for relief under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA").

3.

Venue is proper in this Court as Defendant Resurgens resides in Fulton County.

## PARTIES

4.

Plaintiff Micheal J. Stuart is a citizen of the United States residing in Atlanta, Georgia. Mr. Stuart was formerly employed by Defendants as a full-time, non-exempt Insurance account representative from on or about 2005 until approximately August 23, 2011.

5.

Plaintiff brings this action on behalf of himself and all other similarly situated current and former Insurance account representatives who consent to representation pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime wages from Defendants. Plaintiff's consent form to serve as an employee representative is attached as Exhibit "A" to this Complaint and is incorporated herein by reference.

6.

Defendant RESURGENS RISK MANAGEMENT, INC. is a Georgia corporation doing business in this judicial district and division. This Defendant may be served with process by and through its registered agent: Willie H. Burks, 1201 Peachtree Street, NE, Suite 1730, Atlanta, Fulton County, Georgia 30361. This Court has personal jurisdiction over this Defendant.

- 2 -

7.

Defendant WILLIE H. BURKS is an individual who resides in this judicial district and may be personally served with process at 1201 Peachtree Street, NE, Suite 1730, Atlanta, Fulton County, Georgia 30361. This Court has personal jurisdiction over this Defendant.

8.

Defendant RONALD D. McADAMS is an individual who resides in this judicial district and may be personally served with process at 1201 Peachtree Street, NE, Suite 1730, Atlanta, Fulton County, Georgia 30361. This Court has personal jurisdiction over this Defendant.

9.

Defendant WAYNE YINGLING is an individual who resides in this judicial district and may be personally served with process at 1201 Peachtree Street, NE, Suite 1730, Atlanta, Fulton County, Georgia 30361. This Court has personal jurisdiction over this Defendant.

10.

Defendants are each an "employer" as that term is defined by 29 U.S.C. § 203(d).

11.

For each of the last three (3) calendar years, Defendant Resurgens has had gross operating revenues in excess of $500,000.

12.

Defendants are an "enterprise" as that term is defined by 29 U.S.C. § 203(r).

13.

Defendants have each been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1). Defendants have had employees

engaged in commerce or in the production of goods for commerce, or employees handling, selling, or

otherwise working on goods or materials that have been moved in or produced for commerce.

14.

At all relevant times, Plaintiff (and all other similarly situated current and former Insurance

account representatives) was engaged in commerce or in the production of goods for commerce as

required by 29 U.S.C. §§ 206-207.

## FACTS

15.

Plaintiff (and all other similarly situated current and former Insurance account representatives)

was an exempt, hourly employee who worked for Resurgens selling insurance products and services

to its clientele.

16.

Plaintiff is licensed by the State of Georgia to sell insurance, and sold a variety of insurance

product lines for Resurgens, including health, life, casualty and property insurance policies.

17.

Defendants did not pay Plaintiff according to the time he actually worked for Resurgens;

instead, Defendants only paid Plaintiff based on an assumed, 40-hour workweek, irrespective of the

number of hours the Plaintiff actually worked in a given workweek.

18.

Resurgens purports to track the hours its Insurance account representatives work by requiring

them to punch a time clock when they begin and end their work days.

- 4 -

19.

However, Defendants artificially manipulate their time clock such that regardless of when their Insurance account representatives actually "clock-in" and "clock-out," Defendants only pay for eight (8) hours per day, to ensure Defendants pay none of their Insurance account representatives overtime wages for overtime hours they actually work.

20.

For example, if an Insurance account representative arrived at work at Resurgens and "clocked-in" at 8 a.m., Defendant artificially manipulated their time clock to reflect that account representative's arrival time at 8:30 a.m., instead of at 8:00 a.m., effectively depriving the account representative of 30 minutes of pay.

21.

Likewise, if that same Insurance account representative departed the same day at 5 p.m., Defendants' artificially manipulated their time clock to record that account representative's departure time at 4:30 pm., instead of 5 p.m., effectively depriving the account representative of an additional 30 minutes of pay.

22.

The purpose of this manipulation of Defendants' time clock was to ensure they never had to pay any Insurance account representative for more than 40 hours in a given workweek, and to avoid paying any account representative overtime wages at a premium hourly rate of pay as required by law.

23.

Notwithstanding Defendants' timekeeping records or the manipulation of their time clock, Plaintiff (and other similarly-situated individuals) regularly suffered or was permitted by Defendants to work more than 40 hours in a given workweek, but was not paid for more than 40 hours in a given workweek.

24.

The work activities performed by Plaintiff (and other similarly-situated individuals) on behalf of Defendants are principal activities or are incidental and/or integral to the Insurance account representative's principal activities for which he was not compensated.

25.

At all relevant times, Defendants knew, or reasonably should have known, that its Insurance account representatives were working "off the clock," however, Defendants have consistently refused to pay its Insurance account representatives for such time.

26.

The "off the clock" work performed by Plaintiff is substantial and was, at all relevant times, performed for the benefit of Defendants, necessary to the business of Defendants, and was conducted in the normal course of Defendants' business.

27.

Defendants have a company-wide policy of expecting its Insurance account representatives to work "off the clock," often resulting in these employees working overtime hours without being paid overtime wages.

28.

The above-described conduct constitutes a willful violation of the FLSA entitling Plaintiff (and all other similarly situated current and former Insurance account representatives) to a three (3) year statute of limitation and an award of liquidated damages. At all relevant times, Defendants were aware of their responsibility to accurately track hours worked by its Insurance account representatives and its legal obligation to pay them for all hours worked, but fails to do so, and instead pays them only for 40 hours per workweek, rather than the actual number of hours they work in a given workweek, including overtime hours.

## COUNT I

## VIOLATION OF THE FAIR LABOR STANDARDS ACT

29.

Plaintiff restates the allegations contained in paragraphs 1 – 28 as if fully set forth herein.

30.

Plaintiff is a former Insurance account representative formerly employed by Resurgens.

31.

At all times relative to this civil action and throughout the duration of his employment by Resurgens, Plaintiff (and all similarly situated Insurance account representatives) was covered by the protections afforded him by the FLSA, 29 U.S.C. § 207(a). Stated another way, at no time during their respective employments with Resurgens was Plaintiff (and all similarly situated Insurance account representatives) exempt from the payment of overtime wages.

32.

As it relates to Plaintiff, Resurgens cannot meet or satisfy the requirements for any of the exemptions from application of the wage or overtime compensation requirements of the FLSA, Sections 207, 213 or 214.

33.

During his employment with Resurgens, Plaintiff was a non-exempt, hourly Insurance account representative.

34.

During his employment with Resurgens, Plaintiff frequently worked more than 40 hours per workweek, but Defendants failed to Plaintiff for all overtime hours worked.

35.

At all relevant times, Defendants knew that the FLSA applied to Plaintiff as a non-exempt, hourly employee, and that they had a statutory duty not only to keep accurate records of Plaintiff's hours worked, but also to pay him overtime wages for all hours he worked over 40 in a given workweek.

36.

Defendants have uniformly and unlawfully failed to adequately compensate Plaintiff for the hours he (all similarly-situated Insurance account representatives) worked in excess of 40 hours per workweek, at the rates required by law, and have willfully refused to do so.

37.

Defendants' conscious disregard of the FLSA's overtime provisions constitutes a willful violation the FLSA, entitling Plaintiff to all relief afforded under the FLSA, including a three (3) year

- 8 -

statute of limitations and an award of liquidated damages on all unpaid overtime wages.

38.

Defendants are liable to Plaintiff (along with all other similarly-situated individuals) for compensation for all hours worked, as well as for those hours worked in excess of 40 hours per workweek at the rate of at least one and one-half times his regular rate of pay.

39.

The above-described violation(s) gives rise to a claim for relief under the FLSA for unpaid overtime compensation for three (3) years immediately preceding the filing of Plaintiff's Complaint, liquidated damages in an amount equal to the unpaid compensation, prejudgment interest and reasonable attorneys' fees and expenses of litigation pursuant to 29 U.S.C. § 216.

## COUNT II

## QUANTUM MERUIT/UNJUST ENRICHMENT

40.

Plaintiff restates the allegations contained in paragraphs 1 – 39 as if fully set forth herein.

41.

To the extent that Plaintiff performed any services for Defendants for which he was not compensated, but which did not result in Plaintiff working more than 40 hours per week, Defendants have been unjustly enriched by receiving the benefit of Plaintiff's services at a rate of total compensation below that to which the Plaintiff agreed to work.

42.

As a direct result thereof, Plaintiff is entitled to be made whole by receiving from Defendants their regular hourly rate of pay for each (non-overtime) hour, or any fraction thereof, during which

Plaintiff performed services for Defendants but were not compensated therefor.

WHEREFORE, Plaintiff prays as follows:

a.     for an order permitting this matter to proceed as a collective action as authorized by 29 U.S.C. § 216(b).

b.     that the Court award Plaintiff all unpaid compensation including without limitation, all unpaid overtime wages;

c.     that the Court award Plaintiff liquidated damages for Defendant's willful violation of the FLSA;

d.     that the Court award Plaintiff his reasonable attorney's fees, expert witness fees, and costs of litigation; and

e.     all other relief this Court deems proper.

## PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL JURY ISSUES

Respectfully submitted,

Dean R. Fuchs
drf@swtlaw.com
Georgia Bar No. 279170
Counsel for Plaintiff

Schulten Ward & Turner, LLP
260 Peachtree Street, NW
Suite 2700
Atlanta, GA 30303
(404) 688-6800
(404) 688-6840 facsimile

- 10 -

IN THE SUPERIOR COURT OF FULTON COUNTY

STATE OF GEORGIA

MICHEAL J. STUART,                )
Individually and on behalf of     )
all similarly-situated Individuals,   )         CIVIL ACTION FILE NO.
                                  )
        Plaintiffs,               )
                                  )       _____
v.                                )
                                  )
RESURGENS RISK                    )
MANAGEMENT, INC.,                 )
WILLIE H. BURKS,                  )
RONALD D. McADAMS, and            )
WAYNE YINGLING,                   )
                                  )
        Defendants.               )

## CONSENT TO BECOME A PARTY/REPRESENTATIVE PLAINTIFF PURSUANT TO 29 U.S.C. §216(b)

I hereby consent to join a lawsuit against the above-named Defendant to recover unpaid regular and/or overtime wages and other damages authorized by the Fair Labor Standards Act. As a representative Plaintiff, I understand that I will have the authority to participate in the making of decisions on behalf of myself and any other plaintiffs, not named in the above caption of the lawsuit, who later chose to opt-into this lawsuit. I further understand that I will be bound by judgment, whether it is favorable or unfavorable. I will also be bound by, and will share in, as the Court may direct or the parties may agree, any settlement that may be negotiated on behalf of all Plaintiffs in this civil action.

MICHAEL STUART
_____
Signature

Date: 10-29-2011

